Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 1 of 8 PAGEID #: 47
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006481
0B904 - R47

## IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
## COLUMBUS, OHIO

Christopher Jones,
74 West Main Street
Westerville, OH 43081,

      Plaintiff,

v.

Lincoln National Life Insurance Co.,
8801 Indian Hills Drive
Omaha, NE 68114-4066,

      and

State Auto Insurance Companies,
518 East Broad Street
Columbus, OH 43215-3901,

      Defendants.

Case No.:

Judge:

## COMPLAINT

## JURISDICTION AND VENUE

1. This is an action to recover employer-sponsored long-term disability insurance benefits.

2. The Employee Retirement Income Act of 1974 (ERISA), 29 U.S.C. § 1132, *et seq*, grants this Court jurisdiction to adjudicate this matter.

3. This action arises from the denial of long-term disability insurance benefits which should have been paid to Christopher Jones by the Defendants, Lincoln National Life Insurance Company, and the sponsoring employer, State Auto Insurance Companies.

4. Plaintiff, Christopher Jones, is a resident of Westerville, Ohio in Franklin County, and has been a resident of Franklin County at all times relevant.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

1

Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 2 of 8 PAGEID #: 48
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006461
0B904 - R48

## FACTS

5. In October, 2011, Chris Jones was an employee of the Defendant, State Auto Insurance Companies, [hereinafter State Auto Insurance], in Columbus, Ohio.

6. Mr. Jones had worked as a Developer IV for State Auto since May, 2004.

7. Mr. Jones' job as Developer IV required him to work more than forty hours per week, under limited supervision, developing and modifying complex computer specifications and application programs.

8. In addition, his job required him to supervise, instruct, direct, and review the work of a number of other computer programmers and staff.

9. State Auto Insurance sponsored a group Long-Term Disability plan for its employees through Lincoln National Life Insurance, Policy No. 000010099879.

10. The Plan does not specifically identify State Auto Insurance as the Plan Administrator.

11. The Summary Plan Description (SPD) identifies State Auto Insurance as the Plan Administrator.

12. The Plan did, however, state that Lincoln National Life Insurance [hereinafter Lincoln] had full authority and discretion to decide claims.

13. Plaintiff Christopher Jones was an employee of State Auto Insurance who, in 2011 and thereafter, rightfully claimed coverage under this policy.

14. In October, 2011, Mr. Jones suffered from a combination of medical conditions including nerve hypersensitivity disorder, neurodermatitis, arthralgias, myalgia, myositis, progressive hyperlipidemia, malaise, fatigue, fraying of the lateral meniscus, Grade II chondromalacia of the medial femoral condyle and patella, tendinosis of the distal quadriceps, joint effusion, and a Baker's cyst.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 3 of 8 PAGEID #: 49
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006461
0B904 - R49

15. Mr. Jones' primary care physician found him to be disabled.

16. Mr. Jones received short-term disability benefits from October, 2011 to July, 2012.

17. Mr. Jones was required to be continuously disabled for 180-days to be eligible for long-term disability benefits.

18. When his short-term disability benefits expired, Mr. Jones remained disabled.

19. Christopher Jones applied to Lincoln National, the claims administrator, for long-term disability benefits under his State Auto Insurance Companies policy.

20. The policy defined "disabled" such that Mr. Jones should be considered disabled if he could not perform "own occupation," as defined by the plan, for 36 months.

21. After 36 months, the plan definition of "disabled" became an "any occupation" standard.

22. Mr. Jones underwent further treatment with other physicians to diagnose and cure his conditions.

23. The Defendants denied Mr. Jones long-term disability benefits by a letter from Lincoln dated August 8, 2012 and another similar letter on August 14, 2012.

24. Lincoln's letters informed Mr. Jones that he did not qualify for long-term disability benefits because by Lincoln's analysis, his job required only sedentary physical exertion, which Lincoln opined that Mr. Jones could perform.

25. Lincoln overlooked the fact that Mr. Jones' position was a stressful, supervisory and highly-analytical job, and that the medical conditions that he suffered prevented him from concentrating on complex analytical work eight hours a day, five days a week.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 4 of 8 PAGEID #: 50
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006481
0B904 - R50

26. Lincoln overlooked the fact that due to his joint and spine conditions, Mr. Jones was also physically unable to sit for the eight hours a day, and usually more, that his management job required.

27. Mr. Jones' physician continued to find him to be disabled.

28. State Auto Insurance Companies' long-term disability policy defines "disabled" specifically to mean that a claimant qualifies for these benefits if, due to an illness or injury lasting through the elimination period of 180-days and the own occupation period of 36 months, he is unable to perform each of the main duties of his own occupation.

29. During the time that he received short-term disability benefits, Mr. Jones attempted to work part-time at State Auto Insurance.

30. Eventually State Auto Insurance notified Mr. Jones that part-time work was no longer available.

31. Counsel for Mr. Jones appealed the denial of his long-term disability benefits in March, 2013, including substantial medical evidence of disability in the appeal.

32. Although neither Lincoln National Life Insurance nor State Auto Insurance Companies had a physician examine Mr. Jones in considering this appeal, in July, 2013, they upheld their prior denial.

33. In 2013, Mr. Jones' treating neurologist also found him to be disabled due to his medical conditions.

34. Counsel for Mr. Jones appealed the denial of his long-term disability benefits in October, 2013, and attached substantial medical evidence of his disability.

35. Lincoln conducted an independent medical examination of Mr. Jones.

36. Lincoln again denied Mr. Jones long-term disability benefits on March 13, 2014.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 5 of 8 PAGEID #: 51
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006481
0B904 - R51

37. Mr. Jones has fully exhausted his administrative remedies.

38. No further appeal for long-term disability benefits to Lincoln National Life Insurance is allowed.

39. The Defendants have abused their discretion by failing to provide Mr. Jones with a full and fair review of his long-term disability claim.

40. The Defendants breached their fiduciary duties to Mr. Jones by failing to provide a full and fair review of his long-term disability claim.

41. The Defendants abused their discretion and breached their fiduciary duties to Mr. Jones by refusing to assist him to apply for SSDI and awaiting the decision of the Social Security Administration before denying long-term disability benefits.

42. The Defendants abused their discretion and breached their fiduciary duties in deciding this claim by obtaining medical peer review and examination services from physicians who were not neurologists.

43. The Defendants abused their discretion and breached their fiduciary duties in deciding this claim by relying on an improper vocational review, which applied a 23-year-old job description from the long-since abandoned Dictionary of Occupational Titles to Mr. Jones' job as a Developer IV.

44. As both adjudicator and payor of the claim, Lincoln National Life Insurance operated under a structural conflict of interest, to which it succumbed in deciding Mr. Jones' claim.

45. Accordingly, this matter should be reviewed with heightened scrutiny.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 6 of 8 PAGEID #: 52
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006481
0B904 - R52

## CLAIM ONE
## RECOVERY OF EMPLOYER-SPONSORED DISABILITY BENEFITS
## (29 U.S.C. § 1132(a)(1)(B))

46. Plaintiff Christopher Jones incorporates all of the foregoing paragraphs as if fully restated here.

47. ERISA 29 U.S.C. § 1132 (a)(1)(B) permits a plan participant or beneficiary to "enforce his rights under the terms of the plan..."

48. Christopher Jones is disabled according to the policy definition under the State Auto Insurance Long-Term Disability plan.

49. No policy exclusion applies to deny Mr. Jones coverage; he is entitled to monthly long-term disability benefits per the terms of the policy specified above.

50. The Defendants wrongfully denied Mr. Jones these long-term disability benefits.

## CLAIM TWO
## BREACH OF FIDUCIARY DUTY AND UNJUST ENRICHMENT
## (U.S.C. § 1132(a)(3)(B))

51. The Plaintiff reasserts each of the foregoing paragraphs of the complaint as if restated here.

52. The Defendants, as Plan Administrator, and Plan Fiduciary, each owed Mr. Jones a fiduciary duty, to act solely in his best interest, as trustees of the long-term disability benefits plan.

53. The Defendants breached their fiduciary duties by ignoring his medical doctors' valid opinions, based on objective evidence.

54. The Defendants breached their fiduciary duties by ignoring their prior award of short-term disability benefits to Mr. Jones when his medical conditions had not improved.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

6

Case: 2:14-cv-00979-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 7 of 8 PAGEID #: 53
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 20 11:25 AM-14CV006481

0B904 - R53

55. The Defendants, who breached their fiduciary duties to Mr. Jones, as a plan participant, were unjustly enriched by the improper withholding of his benefits, which then became available for use by Lincoln National Life Insurance for investment, generating unfair interest, and profits, for Lincoln.

56. Defendant State Auto Insurance Companies, Inc., as plan administrator and policyholder, could have overturned Lincoln's decision to deny Mr. Jones' long-term disability benefits, but did not do so.

57. Repayment of Mr. Jones' wrongfully denied benefits alone cannot adequately redress the harm he has suffered due to the Defendants' unjust enrichment.

58. Due to the Defendants' breach of their fiduciary duties to him, the Plaintiff is entitled to discovery of the Defendants' accounting and investment statements, financial statements, and profit statements, to determine the amount of profit they gained from his wrongfully denied benefits.

59. The Plaintiff seeks an equitable surcharge from the Defendants to prevent the Defendants' unjust enrichment and compensate him for loss caused by their breaches of fiduciary duties.

60. The Plaintiff seeks an injunction to equitably estop the Defendants from offsetting or recouping any of his SSDI benefits, if he receives same, to avoid the Defendants' unjust enrichment because the Defendants never assisted him to apply for SSDI benefits, nor awaited the determination of the Social Security Administration before denying him long-term disability benefits.

61. Mr. Jones seeks equitable relief separate from his benefits to properly redress the harms the Defendants' breaches of their fiduciary duties have caused him.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Case: 2:14-cv-00072-GCS-MRA Doc #: 4 Filed: 07/25/14 Page: 8 of 8 PAGEID #: 54
Franklin County Ohio Clerk of Courts of the Common Pleas- 2014 Jun 30 11:25 AM-14CV006481
0B904 - R54

**WHEREFORE, the** Plaintiff demands the following relief against the Defendants:

1. Recovery of past-due and ongoing monthly disability benefits under 29 U.S.C. § 1132(a)(1)(B);

2. An order requiring the Defendants to pay Mr. Jones' past-due and ongoing long-term disability benefits;

3. An equitable order requiring an accounting of Defendants' profits and the disgorgement of all Defendants' profits generated by the Defendants' breach of fiduciary duties to the Plaintiff;

4. An equitable surcharge to compensate Mr. Jones for loss caused by the Defendants' breaches of their fiduciary duties;

5. An injunction preventing the Defendants from offsetting other sources of deductible income due to their breaches of fiduciary duty to Christopher Jones;

6. Attorney's fees under 29 U.S.C. § 1132(g)(1);

7. Pre-judgment Interest;

8. Costs of this action;

9. Any and all other relief this Court deems appropriate.

Respectfully submitted,

_____
Ethan Vessels (0076277)
Lesley Kuhl (0067177)
FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 Second Street
Marietta, Ohio 45750
ethan@fieldsdehmlow.com
Telephone (740) 374-5346
Facsimile (740) 374-5349
Attorneys for the Plaintiff Christopher Jones

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com